# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| Heather Renee Zimmerman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.08-4216-CV-C-NKL |
| | ) | |
| Kenneth A. Nolker, individually and in his | ) | |
| official capacity as Public Administrator of | ) | |
| Ray County, Missouri, and Four Seasons | ) | |
| Living Center LLC | ) | |
| | ) | |
| Defendants. | | |

## ORDER

Plaintiff Heather Renee Zimmerman ("Zimmerman") filed this lawsuit against her

former state-court appointed guardian and conservator ad litem, Defendant Kenneth A.

Nolker ("Nolker"), as well as the care facility in which he placed her, Defendant Four

Seasons Living Center LLC ("Four Seasons"). Before the Court are Nolker's Motion to

Dismiss [Doc. # 7], Four Seasons' Motion to Dismiss [Doc. # 11], Nolker's Motion to Strike

or in the Alternative Dismiss the First Amended Complaint [Doc. # 19], Four Seasons'

Motion to Strike the First Amended Complaint [Doc. # 20], Four Seasons' Motion to Dismiss

the First Amended Complaint [Doc. # 32], and Zimmerman's Motion to Exclude Defendant's

Exhibits [Doc. # 28]. For the following reasons, the Court: denies the original motions to

dismiss, Documents # 7 and # 11; grants in part Nolker's Motion to Strike or in the

1

Alternative to Dismiss the First Amended Complaint; denies Four Seasons' motion to strike;

grants Four Seasons' Motion to Dismiss the First Amended Complaint ; and denies

Zimmerman's Motion to Exclude Defendants' Exhibits.

## I.  **Factual Background**[1]

Zimmerman is represented by counsel.  She is over the age of eighteen.

Previously, in the Circuit Court of Ray County, Missouri, Zimmerman's mother filed

a petition seeking a guardianship and conservatorship for her daughter.  In response, on

March 14, 2008, the Ray County court issued a Judgment of Incapacity and Disability and

Order Appointing Guardian and Conservator Ad Litem.  (Nolker Alt. Mot. Dismiss at Ex.

1).  The Order indicates that it was acting on a stipulation filed by the parties – Zimmerman's

mother, J. Armin Rust (Zimmerman's attorney), Nolker, and  J.D. Gorham (Zimmerman's

court-appointed guardian ad litem).  The Ray County court found that Zimmerman was "a

totally incapacitated person and a totally disabled person":  it found that her capacity to

receive and evaluate information or to communicate decisions was impaired such that she

could not care for herself physically and that she was totally unable to make financial

---

[1]  The following facts are taken from the allegations of Zimmerman's First Amended
Complaint, as well as court documents from the related state court proceedings.  The Court takes
judicial notice of those documents for purposes of the motions to dismiss.  *See Nixon v. Couer
D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) ("[M]aterials which are part of the public
record or do not contradict the complaint may be considered by a court in deciding a Rule
12(b)(6) motion to dismiss."); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.
1999) (same as to motion for judgment on the pleadings, affirming consideration of a transcript
from proceedings in a related case).  Zimmerman's Motion to Exclude Documents, urging the
court not to consider the court file documents solely on the basis that they fall outside the
pleadings, is denied.

decisions or manage her financial resources. On the parties' stipulation, the Ray County court appointed Nolker to be Zimmerman's guardian and conservator ad litem. Nolker is the Public Administrator of Ray County, Missouri. The Ray County court, having examined medical evidence, found that a medical emergency existed in that Zimmerman had suffered a traumatic brain injury as a result of a gunshot wound, refused treatment, and needed that treatment as well as psychiatric care.

The Ray County court's order then states:

> The [Ray County] Court further finds that [Zimmerman] does require placement in a supervised living situation. Supervision is required to the degree that Respondent may be fully protected by appointment of a Guardian and Conservator Ad Litem. Further that the best and least restrictive environment presently offering services and facilities appropriate to respondent's physical and mental condition and financial resources will be afforded by nursing care and a psychiatric evaluation or treatment as provided by Four Seasons Living Center in Sedalia, Missouri, or an equally qualified nursing facility.

(Nolker Alt. Mot. Dismiss at Ex. 1 at ¶ 11.)

According to the Amended Complaint, the stipulation before the Ray County court was "a collusive filing" signed by: Zimmerman's mother's attorney; Nolker; Gorham, and Rust. Zimmerman alleges that her fiancé retained Rust and that Rust failed to represent her interests.

In March 2008, Nolker "committed" Zimmerman to the Four Seasons' Living Center facility in Sedalia, Missouri. Nolker imposed "draconian standards" on Zimmerman in violation of the Constitution and statutes of the State of Missouri. Nolker placed her in a prison-like environment where she could not have visitors other than her mother or Nolker

Case 2:08-cv-04216-NKL   Document 44   Filed 12/31/08   Page 3 of 15

or his agent. Four Seasons, at the direction of Nolker, refused to let her meet with Attorney Larry Delano Coleman, her current attorney in the instant case and in state court matters. Coleman was retained by Zimmerman's fiancé.

Jurisdiction over Zimmerman's guardianship "case has transferred from Ray County to Jackson County," Missouri, on Coleman's motion. On August 7, 2008, the Jackson County court entered an order appointing the Jackson County Public Administrator, Rebecca Lake Wood, as guardian and conservator ad litem. (Nolker Alt. Mot. Dismiss at Ex. 2.) The Amended Complaint states that, since Wood's appointment, "the draconian standards imposed by" Nolker "have been lifted."

Though the Amended Complaint states, "this entire controversy now pends in the Circuit Court of Jackson County, Missouri, Probate Division," Zimmerman has since filed notice that there was a verdict of incapacity and disability in that action, and judgment was entered on December 11, 2008. There is no indication that Zimmerman's claims against Nolker and Four Seasons were at issue in that probate litigation.

### A. Amended Complaint

Zimmerman's Amended Complaint states that her action is brought under 42 U.S.C. § 1983. She claims that a state official denied her "certain rights bestowed upon her by State law." The Amended Complaint alleges that Zimmerman was involuntarily committed in violation of her rights under Missouri law. The Amended Complaint also cites to Section 475.120.5 of the Missouri Revised Statutes for the proposition that no guardian shall seek admission of a ward to a mental health facility for more than thirty days absent a court order.

4

The Amended Complaint states that she was not placed in the least restrictive environment, in violation of Section 475.075.10 of the Missouri Revised Statutes. The Amended Complaint further states that Defendants violated her right to consult with counsel of her choice under Section 475.075.3 of the Missouri Revised Statutes. According to the Amended Complaint, Defendants used proceedings under Section 475.075 as an improper alternative to proceedings for the involuntary detention and treatment of mentally ill persons under Chapter 632 of the Missouri Revised Statutes. The Amended Complaint cites to Section 475.132 of the Missouri Revised Statutes for the proposition that claims against a conservator for torts committed in the administration of the estate may be asserted in a claim against the conservator.

The Amended Complaint further states that Zimmerman was damaged by Defendants' conduct in that her liberty was restrained and her right to counsel was denied. Zimmerman seeks damages, including punitive damages, from Nolker, in his official and individual capacities, and from Four Seasons based on the deprivation of her rights and her resulting inability to earn wages as an exotic dancer.

The Amended Complaint concludes with a single count, titled "14th Amendment Due Process Claim." That count generally alleges that her Fourteenth Amendment rights were violated when her liberty or property interests were violated. It states, "the State law triggered the Due Process Clause, and its protections, in that: (1) The State statutes at issue primarily restrict the power of state officials to impose deprivation, giving the involuntarily

5

committed Zimmerman the right to avoid it; and (b) The liberty in question is one of real 'substance', triggering the Due Process Clause." (Am. Compl. at ¶ 21.)

## II.    Discussion

Both Nolker and Four Seasons filed separate motions to dismiss Zimmerman's original complaint. Zimmerman did not respond to the original motions to dismiss, but she did file an Amended Complaint. In her amended complaint she does not address her capacity to sue.

Defendants then filed motions to strike and dismiss the Amended Complaint. Defendants raised substantially the same arguments in their second motions to dismiss, including the following: (1)  the Court lacks jurisdiction because Zimmerman lacks the capacity to sue, does not have a proper representative acting on her behalf, and fails to state a federal claim; (2) Zimmerman fails to state a claim under § 1983; (3) they are immune from suit; and (4) the Court should apply *Younger* abstention principles to dismiss Zimmerman's claim. Zimmerman responded only to Nolker's motion.

### A.    Absence of Leave to File Amended Complaint

Defendants move to strike Zimmerman's First Amended Complaint because she did not obtain leave to file. Zimmerman may amend her Complaint once as a matter of course before being served with responsive pleadings. Fed. R. Civ. P. 15(a). Motions to dismiss do not constitute "responsive pleadings." *See* Fed. R. Civ. P. 7. "[I]f the time for serving the responsive pleading is extended by a Rule 12(b) motion ... the period for amending as of right also is enlarged." 6 Charles Alan Wright, Arthur A. Miller, Federal Practice and Procedure

6

§ 1480 (3d ed. 2004) (hereinafter "Fed. Prac. Proc."). Defendants have not filed responsive pleadings. Zimmerman was entitled to amend her complaint once as a matter of right.

### B. Jurisdiction

Defendants move to strike or dismiss Zimmerman's Amended Complaint on the basis that she lacks the capacity to sue, arguing that the Court thereby lacks personal and subject matter jurisdiction. While case law discussing the relationship between capacity and jurisdiction is limited, that law indicates that a lack of capacity does not implicate the Court's jurisdiction. *Crusaders Productions, Inc. v. Henderson*, 246 F.3d 673 (9th Cir. 2000) (finding that a lack of "authority to sue" would not have deprived the court of jurisdiction); *Harshman v. Petrolite Corp.*, 872 F.2d 1025 (6th Cir. 1989) (finding that defects in appointing a guardian did not deprive the court of personal or subject matter jurisdiction). Reinforcing this case law are the Federal Rules of Civil Procedure, which indicate that jurisdictional defenses are separate from the issue of capacity: Rule 12 requires that jurisdiction be pleaded as a defense, while Rule 9 separately states that capacity must be raised by a specific denial. *See also* 6A Fed. Prac. & Proc. § 1559 (stating that treating "capacity problems as subject matter jurisdiction seems to exaggerate their significance"). A lack of capacity alone will not deprive the Court of jurisdiction over Zimmerman's claims.

### C. Capacity

Under Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of a party to sue is determined by the law of the party's domicile. *Richards v. Duke Univ.*, 166 Fed. Appx. 595, 598 (3d Cir. 2006) (citing Fed. R. Civ. P. 17); *Thomas v. Humfield*, 916 F.2d 1032, 1035

7

(5th Cir.1990). The law of Missouri, Zimmerman's domicile, provides that incompetent persons have capacity to sue. *See Williams v. Pyles*, 363 S.W.2d 675, 678 (Mo.1963) (holding that a judgment of specific performance against an incompetent individual who was not represented by a guardian ad litem was not void, but voidable) (cited in *Mason v. Ford Motor Co.*, 755 F.2d 120 (8th Cir. 1985)). With limited reasoning, the *Williams* court stated that an incompetent "person may sue in his own name or be sued." *Id. Williams* appears to be the only case addressing the issue of an incompetent's capacity to sue under Missouri law, and it is still good law.

Rule 17(c) of the Federal Rules of Civil Procedure provides the circumstances under which incompetent persons may sue in federal court:

> [A]n incompetent person who does not have a duly appointed representative *may* sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem *– or issue another appropriate order –* to protect a[n] . . . incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c) (emphasis added).[2] Therefore, in the event an incompetent person does not have a representative, Rule 17(c) gives courts authority to either appoint a next friend or "take any action it thinks proper for the protection of the . . . incompetent." 6A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 1570. Where a court deems other action proper for the protection of an incompetent person, appointment of a representative is not mandatory. *Id.*

---

[2] Persons who have been adjudicated incompetent need not be represented in federal court by their state-appointed representatives. *See* 6A Fed. Prac. & Proc. § 1570.

In this case, Zimmerman has been found incompetent by a state court. In her most recent state court proceeding, Wood was her guardian ad litem and conservator ad litem. However, Wood did not file this action on Zimmerman's behalf. Zimmerman's only response to Defendants' capacity argument is a citation to a Missouri statute allowing her to be represented by counsel at a state court hearing regarding her competence. To the extent Zimmerman is attempting to argue that Coleman is an adequate next friend or guardian ad litem, this citation alone is not sufficient to warrant such a finding.

Were there no other obstacle to Zimmerman's suit, the Court would hold a hearing to determine whether a proper representative should be appointed. "But as it happens there is an independent ground on which the suit must be dismissed" without prejudice. *See T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (dismissing a minor plaintiffs' case without prejudice under the *Rooker-Feldman* doctrine without determining the issue of who would be a proper representative for the minors). The Court is mindful of the "principle of prudence" providing that "a court should not enter a dispositive order in a case in which the party that would be harmed by the order is legally incapacitated and does not have [an adequate] representative." *See id.* (citations omitted). This principle most obviously applies where the incapacitated party is a defendant, and the court must hesitate to enter a judgment on the merits. *Id.* However, the principle is equally applicable here where the incapacitated party is a plaintiff even though she is being vigorously championed by a lawyer. *Id.* Because, as discussed below, Zimmerman's Amended Complaint does not state a plausible

9

claim for relief against the Defendants, the Court "cannot find a benefit in postponing the inevitable to await the finding of a proper next friend or guardian ad litem." *See id.*

### D. Motions to Dismiss

Though Zimmerman argues that her claims must survive unless there is "no set of facts" which would entitle her to relief, the United States Supreme Court recently rejected that standard. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Instead, Zimmerman's claims will only survive if she has pleaded a claim for relief that is "plausible on its face." *Id.* Her own Amended Complaint demonstrates that she has not.

#### 1. Defendant Four Seasons

To state a claim under § 1983, Zimmerman must be able to allege "a violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The Amended Complaint in no way alleges that Four Seasons was a person acting under the color of state law for purposes of § 1983. Zimmerman offers no response to Four Seasons' argument that it is merely a private nursing home. To hold that private nursing homes should be subject to constitutional scrutiny "would mean that every decision by a privately owned nursing home . . . would be subject to review by the courts under . . . § 1983." *Hoyt v. St. Mary's Rehab. Ctr.*, 711 F.2d 864 (8th Cir. 1983) (rejecting § 1983 claim against private nursing home). Zimmerman has failed to allege an element of a § 1983 action and cannot state a plausible claim against Four Seasons.

10

In addition, Four Seasons cites to Section 632.440 of the Missouri Revised Statutes, providing immunity to private facilities for decisions made regarding the degree of restraint or supervision imposed on patients in good faith and without gross negligence. *See Bunting v. Huckstep*, 853 S.W.2d 448 (Mo. App. Ct. 1993) (same). Zimmerman offers no response, and makes no allegation of bad faith or gross negligence. Section 632.440 provides an additional basis for dismissing Zimmerman's claim against Four Seasons.

### 2.    Defendant Nolker

"It is well settled that officials are entitled to absolute immunity from civil rights suits for the performance of duties which are 'integral parts of the judicial process.'" *See Dornheim v. Sholes*, 430 F.3d 919, 925 (8th Cir. 2005) (citation omitted) (finding that a guardian ad litem was entitled to absolute immunity from a mother's § 1983 suit arising out of child custody proceedings). The Eighth Circuit extends such immunity to guardians ad litem, who are "nonjudicial persons who fulfill quasi-judicial functions intimately related to the judicial process," resulting in "absolute immunity from damage claims arising from their performance of the delegated functions." *Myers v. Morris*, 810 F.2d 1437, 1466-67 (8th Cir. 1987) (overruling on other grounds recognized) (rejecting claims against guardian ad litem based on placement of children). This immunity applies "however erroneous the act may have been and however injurious its consequences may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). Guardians ad litem and conservators making recommendations to a court and managing assets are entitled to absolute immunity in their roles as court delegees. *Cok v. Cosentino*, 876 F.2d 1 (1st Cir. 1989) (finding a

11

guardian ad litem and conservator entitled to absolute immunity for performing duties as delegated by a court in the absence of bad faith or exceeding jurisdiction allegations).

Zimmerman alleges that the Ray County court appointed Nolker as guardian and conservator ad litem. Section 475.010 provides that guardians ad litem are responsible for managing care and custody of an incapacitated person and that conservators are to manage an incapacitated person's estate. In Zimmerman's case, the Ray County court assigned those responsibilities to Nolker, recommending placement in Four Seasons' facility. Zimmerman's allegations plainly relate to managing her care, custody and estate. While dramatic, Zimmerman's allegations do not include statements indicating that Nolker acted in bad faith as to the draconian restrictions alleged. Nolker is entitled to absolute immunity.

For similar reasons, Nolker is entitled to official immunity. This long-established doctrine shields officials from liability "for injuries arising from their discretionary acts or omissions." *Kanawaga v. State by & through Freeman*, 685 S.W.2d 831, 835 (Mo. 1985) (en banc). A "discretionary act requires 'the exercise of reason in the adaption of means to an end and discretion in determining how or whether an act should be done or course pursued.'" *Id.* (citing *Rustici v. Weidemeyer*, 673 S.W.2d 762, 769 (Mo. 1984) (en banc)). As Ray County Public Administrator acting as a public officer, Nolker is entitled to official immunity for his discretionary acts. The injuries pleaded by Zimmerman involve Nolker's application of his discretion in his role as her guardian and conservator ad litem. Thus, he is entitled to official immunity under state law.

12

### E. *Younger* Abstention

Defendants also contend that the Court should dismiss this matter under the *Younger* abstention doctrine. The Court should consider the following factors when determining whether to abstain under that doctrine: "(1) the existence of an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) which provides an adequate opportunity to raise constitutional challenges." *Aaron v. Target Corp.*, 357 F.3d 768, 775 (citations omitted). The *Younger* doctrine governs suits for equitable relief, and a federal court may not decline jurisdiction over legal claims under the *Younger* doctrine. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 720-21 (1996).

Although the Amended Complaint states that "this entire controversy" is pending in Jackson County probate court, the remaining allegations indicate to the contrary. Here, Zimmerman seeks damages against her former guardian ad litem and conservator ad litem, as well as the facility in which he placed her, based on past behavior which she indicates has now ceased. She seeks not equitable relief, but damages. The ongoing state proceedings do not address the same issues as those addressed here, and it is doubtful that a state court probate proceeding could address the constitutional issues raised by Zimmerman. Thus, abstention under the *Younger* doctrine is not appropriate.

13

III.     **Conclusion**

Zimmerman has not stated a plausible federal claim against the Defendants and the Court does not choose to exercise supplemental jurisdiction over any state claim that may or may not survive this dismissal. Dismissal without prejudice as to all of Zimmerman's claims serves to protect any interest she may have in bringing a subsequent viable lawsuit involving the same subject matter via a proper representative.

It is hereby ORDERED that

Nolker's Motion to Dismiss [Doc. # 7] and Four Seasons' Motion to dismiss [Doc. # 11] are DENIED as moot because they address Zimmerman's obsolete original Complaint;

Four Seasons' Motion to Strike the First Amended Complaint [Doc. # 20] is DENIED;

Nolker's Motion to Strike or, in the Alternative, Dismiss the First Amended Complaint [Doc. # 19] is DENIED as to the motion to strike, and GRANTED as to the motion to dismiss. The dismissal is without prejudice;

Four Seasons' Motion to Dismiss the First Amended Complaint [Doc. # 32] is GRANTED., The dismissal is without prejudice; and

Zimmerman's Motion to Exclude Defendants Exhibits [Doc. # 28] is DENIED.

Case 2:08-cv-04216-NKL   Document 44   Filed 12/31/08   Page 14 of 15

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 31, 2008
Kansas City, Missouri

15